IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH HORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 09 cv 6796 |
| | ) | |
| TIMOTHY SIMMONS AND | ) | |
| MORGAN SERVICES, INC. | ) | Jury Trial Requested |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

I. **INTRODUCTION**

    1.    This is an action for employment discrimination brought pursuant to the Americans With Disabilities Act (ADA) as amended, effective January 1, 2009, 42 U.S.C. §12101 *et seq,* and for invasion of privacy. Plaintiff claims that he was terminated because of his disability (HIV positive), subjected to impermissible medical inquiries under the ADA and suffered an invasion of privacy when his employer forced him to disclose his medical condition.

II. **JURISDICTION AND VENUE**

    2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. §1367.

    3.    Venue is appropriate in this judicial district pursuant to 28 U.S.C §1391(b) because the defendant resides in this district and the events giving rise to the claim arose in this district.

III. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

    4.    Plaintiff filed his discrimination charge with the EEOC on July 27, 2009 and received his right to sue letter dated October 26, 2009. (See Exhibit 1 attached to the complaint.)

## IV. FACTUAL ALLEGATIONS

5. Plaintiff is a 38 year old male citizen of the United States who currently resides in Chicago. Mr. Horgan was initially hired by defendant, Morgan Services, Inc. (Morgan), in February, 2001, to work in Los Angeles as a sales manager. Plaintiff was eventually promoted to the position of General Manager and relocated to Defendant's facility in Chicago, Illinois in January, 2008.

6. Defendant Morgan Services is a privately held company headquartered in Chicago with offices throughout the country. Morgan is in the business of providing linen and uniform rental services and employs over 500 people nationwide.

7. Defendant, Timothy Simmons, is the president of Morgan Services, Inc. and was plaintiff's immediate supervisor in Chicago.

8. Plaintiff has been diagnosed as HIV positive for the past ten years.

9. Plaintiff has kept his medical condition confidential, disclosing it only to his close friends and his medical providers. Until July, 2009, his HIV positive status was not known by employees of Morgan.

10. Plaintiff's HIV positive status has never interfered with his ability to perform the essential functions of any job he has performed at Morgan, including the job he held at the time of his termination, General Manager of Chicago operations.

11. Plaintiff's job performance has always met or exceeded Morgan's legitimate expectations. Indeed in early, 2009, just a few months before he was terminated, Horgan brought in a lucrative account with the Marriot Hotel in Chicago, Morgan's biggest customer in the country.

12. On July 15, 2009, defendant Timothy Simmons asked to meet with Horgan in his office for what he termed a "social visit."

13. During the meeting, Simmons told plaintiff that he was really worried about him. When Horgan started to talk about the performance of the Chicago plant, Simmons cut him off and said "this is not about results." Simmons then demanded to know what was going on with Horgan and told him if there was something medical going on, he needed to know. Horgan insisted there was nothing going on that was affecting his work.

14. Simmons continued to insist that there was something physical or mental that was affecting Horgan. Horgan was compelled to tell Simmons that he was HIV positive, but that it had not affected his ability to do his job.

15. Simmons asked Horgan what his prognosis was and Horgan told him that he had been HIV positive for a long time and that the condition was under control and that his T-cell count was over 300. Simmons asked Horgan what would happen if his t-cell count went below 200 and Horgan said he would then have AIDS.

16. Simmons demanded to know if Horgan had told his family about his condition and urged him to do so. Simmons then asked Horgan how he could ever perform his job with his HIV positive condition and how he could continue to work with a terminal illness.

17. At the end of the meeting on July 15, 2009, Simmons told Horgan that he needed to "recover." Simmons said that a General Manager needs to be respected by the employees and have the ability to lead. Simmons told Horgan that he did not know how Horgan could lead if the employees knew about his condition. Simmons said he had a responsibility to the 100 employees in the Chicago plant.

18. Simmons then told Horgan that he would talk to the owner of the company, Richard Senior about the situation. He told Horgan to go on vacation and insisted that Horgan leave the plant immediately.

19. The next day, Horgan received a copy of an email that was sent to all general managers and corporate staff which said that effective immediately, Horgan was no longer a member of Morgan Services.

### First Claim for Relief Against Morgan Services, Inc.

20. Plaintiff is a qualified individual within the meaning of §12111(8) of the ADA.

21. Defendant Morgan terminated plaintiff because of his disability in violation of the ADA.

22. Defendant's action was willful and malicious in flagrant disregard of plaintiff's rights.

23. As a result of the defendant's actions as set forth herein, the plaintiff has suffered and will suffer substantial economic loss, including lost wages, benefits and lost future income.

24. As a result of the defendant's actions as set forth herein, the plaintiff has suffered substantial emotional and/or physical injury.

WHEREFORE, plaintiff respectfully requests that after trial by jury in this cause, this court enter judgment:

   A. Ordering plaintiff reinstated to his position with defendant with all back pay and benefits to which he would have been entitled but for defendant's discriminatory act;

   B. Awarding plaintiff compensatory and punitive damages

  C. Awarding plaintiff all reasonable attorneys fees in connection with his prosecution of this action.

**Second Claim for Relief - Impermissible Medical Inquiry Against Defendant Morgan Services, Inc.**

25. Section 12112 (d)(4) of the ADA makes it illegal discrimination "to make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature of the disability, unless such examination or inquiry is shown to be job related and consistent with business necessity." 42 U.S.C. §12112(d)(4).

26. The questions posed by Simmons at the July 15, 2009 meeting with Horgan were not job related or consistent with business necessity and thus constituted prohibited inquiries in violation of the ADA.

27. As a result of the defendant's actions as set forth herein, the plaintiff has suffered substantial emotional and/or physical injury.

WHEREFORE, plaintiff respectfully requests that this court, after trial by jury, award judgment in favor of plaintiff and against defendant:

  A. requiring defendant, Morgan, to reinstate plaintiff Horgan to his former position with defendant with all back pay and benefits to which he would have been entitled but for defendant's discriminatory act;

  B. awarding plaintiff compensatory and punitive damages;

  C. awarding plaintiff all reasonable attorneys fees.

**Third Claim for Relief - Invasion of Privacy against Defendants Timothy Simmons and Morgan Services, Inc.**

28. This claim is brought against defendants Timothy Simmons and Morgan Services for invasion of privacy.

5

29. This court has jurisdiction over this state law claim for invasion of privacy pursuant to supplemental jurisdiction, 28 U.S. C. §1391.

30. At all times herein with respect to plaintiff, Simmons, as president of Morgan Services, was acting in the scope of his authority and, on information and belief, pursuant to Morgan's specific instructions.

31. Simmons' questioning of Horgan on July 15, 2009 constituted an invasion of privacy under Illinois law in that it was an unauthorized intrusion or prying into Horgan's seclusion, was offensive and objectionable to a reasonable person, concerned an extremely private matter and caused Horgan extreme anguish and suffering.

32. As a result of the defendants' actions as set forth herein, the plaintiff has suffered and will suffer substantial economic loss, including lost wages, benefits and lost future income.

33. As a result of the defendants' actions as set forth herein, the plaintiff has suffered substantial emotional and/or physical injury.

WHEREFORE, plaintiff respectfully requests that this Court, after trial by jury, enter judgment in favor of plaintiff and against each of the defendants awarding plaintiff compensatory and punitive damages.

    Respectfully submitted,

    **s/ Miriam N. Geraghty**

Miriam N. Geraghty
Jeffrey L. Taren
Kinoy, Taren & Geraghty P.C.
224 S. Michigan Ave.
Suite 300
Chicago, IL 60604
Tel: (312) 663-5210
Fax: (312) 663-6663
Email: ktggeraghty@aol.com